IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Case No. 3:17cr92

**JOYN LYNN E. HERSTCH,** *et al.,*

**Defendants.**

## MEMORANDUM OPINION

This matter is before the Court on Defendant Joy Lynn E. Herstch's Motion to Dismiss Count Two of the Indictment, (the "Motion to Dismiss"). (ECF No. 23.) Defendant Chad G. Williams filed a "Motion to Adopt Co-Defendant Herstch's Motion to Dismiss Count Two of the Indictment" (the "Motion to Adopt").[1] (ECF No. 27.) The United States responded to the Motion to Dismiss, (ECF No. 28), and Herstch replied, (ECF No. 30). No party has requested a hearing. Accordingly, the matter is ripe for disposition. For the reasons that follow, the Court will deny Herstch's Motion to Dismiss. (ECF No. 23.)

## I. Procedural Background

On July 11, 2017, the United States filed an Indictment against Herstch, Williams, and two additional co-defendants. (ECF No. 10.) The Indictment alleged two counts against both Herstch and Williams:

**Count One:** Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951[2] and 2[3] (the "Hobbs Act Robbery Charge"); and,

---

[1] Local Criminal Rule 12(b) provides in relevant part that "[a] defendant may adopt a motion filed by another defendant only by filing a separate pleading for each motion that the defendant wishes to adopt." E.D. Va. Local R. Crim. P. 12(b). Accordingly, the Court will grant the Motion to Adopt. (ECF No. 27.)

[2] Section 1951 provides in relevant part: "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by

**Count Two:** Use of a Firearm by Discharge During and In Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)[4] and 2 (the "Firearm Charge").

On July 31, 2017, all defendants were arraigned and entered pleas of not guilty, and the Court set jury trial for September 25, 2017. (ECF No. 13.)

On August 11, 2017, Herstch filed the Motion to Dismiss, arguing that Count Two, the Firearm Charge, should be dismissed because the underlying offense, Hobbs Act robbery, is not a crime of violence. The Motion to Dismiss thus presents to the Court two issues: (1) whether Hobbs Act robbery categorically constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A); and, (2) whether the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders unconstitutional the residual clause of § 924(c)(3)(B).

---

robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."
18 U.S.C. §1951(a).

[3] Section 2 provides in whole:

**(a)** Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
**(b)** Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2.

[4] Section 924(c) provides additional penalties for

any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . .

18 U.S.C. § 924(c).

## II. Analysis: The Motion to Dismiss

### A. Statutory Framework of § 924(c)

18 U.S.C. § 924(c)(1)(A) provides additional periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

The United States can demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. The statute defines crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or[,]
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3).

### B. Hobbs Act Robbery Categorically Constitutes a Crime of Violence

The United States Court of Appeals for the Fourth Circuit recently stated that "the categorical approach is a particularly bad fit in § 924(c) cases because § 924(c) is a firearms enhancement provision that penalizes, in broad terms, the use of a firearm during violent crimes," but that Fourth Circuit "precedent requires application of that approach." *In re Irby*, 858 F.3d 231, 234 (4th Cir. 2017). As one court in this District has aptly observed:

> It appears that the Fourth Circuit has an internal dispute on whether the categorical approach is proper to § 924(c) at all, let alone a pretrial Motion on § 924(c). *See In re Irby*, 858 at 234 (criticizing use of the categorical approach

3

> on § 924(c) before applying it as compelled by prior panels); *see also United States v. Doctor*, 842 F.3d 306, 313 (4th Cir. 2016) (Wilkinson, J., concurring). Several Courts in this District have also discussed why the categorical approach is inappropriate to pretrial Motions concerning § 924(c). *See United States v. McDaniels*, 147 F. Supp. 3d 427, 432 (E.D. Va. 2015); *United States v. Standberry*, 139 F. Supp. 3d 734, 736 (E.D. Va. 2015); *see also United States v. Jimenez-Segura*, 206 F. Supp. 3d 1115, 1131 (E.D. Va. 2016) (expressing similar reservations about applying the categorical approach to § 924(c) after a guilty plea). The purpose of the categorical approach is to protect defendants against a later court re-trying the facts of prior convictions. *McDaniels*, 147 F. Supp. 3d at 432. Such protection is unnecessary in a pre-trial motion because the court will submit the facts to a properly instructed jury after the motion. *See id.* Furthermore, such protection could create absurd results in any motion concerning § 924(c) because that statute always involves a predicate crime *and a firearm*, and the likelihood of a crime being nonviolent severely diminishes when it also involves a firearm. *See Irby*, 858 F.3d at 234. Nevertheless, as the panel in *Irby* acknowledges, this Court is bound to apply the categorical approach to § 924(c).

*United States v. Gale*, No. 4:17cr47, 2017 WL 3037796, at *3 n.1 (E.D. Va. July 18, 2017). The *Gale* court thus applied the categorical approach to the motions to dismiss counts of the indictments that were before it. *See id.* at *3. This Court likewise finds that the categorical approach applies to its analysis of § 924(c). *See In re Irby*, 858 F.3d at 234.

18 U.S.C. § 924(c)(3)(A) provides that an offense categorically constitutes a crime of violence if it (1) is a felony and (2) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The parties do not dispute that Hobbs Act robbery is a felony. *See* 18 U.S.C. § 1951(a) (providing a maximum sentence of twenty years' imprisonment). Thus, the Court limits its inquiry to whether the elements of Hobbs Act robbery encompass "the use, attempted use, or threatened use of physical force against the person or property of another."[5] 18 U.S.C. § 924(c)(3)(A).

---

[5] "Physical force" is defined in the so-called career offender provision as "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (discussing the so-called "force clause" of § 924(e)(2)(B)(i)). As further explained in *Johnson*, physical force "plainly refers to force exerted by and through concrete bodies—

4

This approach, the "categorical approach," requires that the Court "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's [offense], and *not* 'to the particular facts underlying [the conviction].'" *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)); *see also United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) ("The point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a crime of violence, but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence." (citation omitted)).[6] The Court turns first to the operative language of § 1951(a).

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or

---

distinguishing physical force from, for example, intellectual force or emotional force." *Id.* at 138.

[6] Some courts analyzing this issue have instead applied the "modified categorical approach" to determine whether a Hobbs Act robbery conviction satisfied the Force Clause. *See, e.g., United States v. Brownlow*, No. 1:15cr34, 2015 WL 6452620, at *3 (N.D. Ala. Oct. 26, 2015); *United States v. Redmond*, No. 3:14cr26, 2015 WL 5999317, at *1 (W.D.N.C. Oct. 13, 2015). "Under that approach, when a crime is divisible (meaning that it lists elements in the alternative, providing multiple ways to prove the offense), courts may look beyond the statutory text and consult a limited set of documents in the record, including the indictment and jury instructions, to determine the nature of the crime charged." *United States v. Anglin*, No. 14cr3, 2015 WL 6828070, at *7 (E.D. Wis. Nov. 6, 2015).
Although not raised by the parties, a plausible argument exists that § 1951(a) is divisible because the crime may be committed by robbery *or* extortion. Even under the modified categorical approach, however, the court may look only to a limited selection of additional documents to determine *the elements* of conviction. *See Descamps*, 133 S. Ct. at 2281. Thus, application of the modified categorical approach still would not permit the Court to consider *the facts* underlying the crime of conviction. *See id.*

5

property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1).

The Court concludes that a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, No. 3:15cr102, 2015 WL 5920008, at *4 (E.D. Va. Oct. 9, 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," *id.*, and "any act or threatened act which engenders a fear of injury implicates force and potential violence," *id.* (citing *United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014)); *see also Castleman*, 134 S. Ct. at 1416–17 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force.[7]

Faced with analogous definitions of "crime of violence" and similar crimes involving robbery, many courts have reached this very conclusion.[8] The Fourth Circuit, in particular, has

---

[7] The *Johnson* court noted that *Black's Law Dictionary* defines actual—or physical—force as "'[f]orce consisting in a physical act, esp[ecially] a violent act directed against a robbery victim.'" *Johnson*, 559 U.S. at 139 (alteration in original) (quoting *Black's Law Dictionary* 717 (9th ed. 2009)).

While *Black's Law Dictionary* provides the Court with merely persuasive authority, its characterization of the ordinary meaning of physical force comports with common sense and prompts a compelling observation. It makes little sense that a legal dictionary could define "physical force" as the force used to accomplish robbery, while a court could hold that robbery fails to satisfy the definition of physical force. Indeed, Hobbs Act robbery seems to constitute the quintessential crime of violence.

[8] Multiple district courts have held, post-*Johnson*, that robbery offenses qualify as crimes of violence under § 924(c)(3)(A): *McDaniels*, 2015 WL 7455539, at *4 (Hobbs Act robbery); *United States v. Mitchell*, No. 15cr47, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) (bank robbery); *Anglin*, 2015 WL 6828070, at *3 (Hobbs Act robbery); *Brownlow*, 2015 WL 6452620, at *3 (Hobbs Act robbery); *United States v. Merinord*, No. 5:15cr136, 2015 WL 6457166, at *5 (E.D.N.C. Oct. 26, 2015) (Hobbs Act robbery); *United States v. Hunter*, No. 2:12cr124, 2015 WL 6443084, at *2–3 (E.D. Va. Oct. 23, 2015) (Hobbs Act robbery); *United States v. Strong*,

held—at least on four occasions—that robbery convictions qualify as categorical crimes of violence. *See, e.g., United States v. McNeal*, 818 F.3d 141, 152–54 (4th Cir. 2016) ("Bank robbery under § 2113(a), 'by force and violence,' requires the use of physical force. Bank robbery under § 2113(a), 'by intimidation,' requires the threatened use of physical force. Either of those alternatives includes an element that is 'the use, attempted use, or threatened use of physical force,' and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)."); *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (applying definition in 18 U.S.C. § 924(e)) ("We must assume that all of the elements of robbery in Virginia were met, including 'violence or intimidation.' Violence is the use of force. Intimidation is the threat of the use of force."); *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991) (applying definition in 18 U.S.C. § 16(a)) ("[A] conviction for robbery necessarily requires a finding of the use of force (a taking 'by the use of violence') or threatened use of force (a taking 'by putting in fear')."); *United States v. Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991) (applying definition in 18 U.S.C. § 924(c)(3)(A)) (noting that "[a]rmed bank robbery is unquestionably a crime of violence").

Herstch nonetheless presents to the Court creative examples how Hobbs Act robbery could be committed in the absence of what one would typically consider physical force or threats of physical force. For example, Herstch describes the "fear of injury" one would experience if faced with "withholding medicine or food, for example," and argues that one can "threaten to injure another's property by throwing paint on someone's house, pouring chocolate syrup on one's passport, or spray painting someone's car." (Mot. Dismiss 11–12.) Herstch, however,

---

No. 3:15cr187, 2015 WL 6394237, at *1 (W.D.N.C. Oct. 21, 2015) (bank robbery); *United States v. Evans*, No. 5:15cr57, 2015 WL 6673182, at *5–6 (E.D.N.C. Oct. 20, 2015) (Hobbs Act robbery); *Redmond*, 2015 WL 5999317, at *3–4 (Hobbs Act robbery); *Standberry*, 2015 WL 5920008, at *4 (Hobbs Act robbery).

fails to acknowledge that the "concept of 'force' encompasses even its *indirect application*." *Castleman*, 134 S. Ct. at 1414 (emphasis added). The Supreme Court has found that even similarly unlikely hypotheticals involve the threat of a physical undertaking. While rejecting a similar argument with respect to threats of poisoning, the *Castleman* court explained, "[t]he use of force is not the act of sprinkl[ing] the poison," but "the act of employing poison knowingly as a device to cause physical harm." *Id.* at 1415; *see also Johnson*, 559 U.S. at 140.[9] Thus, in the Hobbs Act robbery context, even "fear of injury" stemming from a threat of indirect physical force constitutes a crime of violence.[10]

Accordingly, consistent with this Court's earlier decision, *United States v. Walker*, No. 3:15cr49, 2016 WL 153088 (E.D. Va. Jan. 12, 2016), and numerous decisions of courts in this

---

[9] In advancing her argument, Herstch relies on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012). In *Torres-Miguel*, the Fourth Circuit evaluated whether a previous conviction under a California penal code—which criminalizes the willful threat to commit a crime that would result in death or great bodily injury—allowed a sentencing enhancement under U.S.S.G. § 2L2.1.2(b)(1)(A) for a previous conviction of a crime of violence. 701 F.3d at 166–67. In that illegal reentry case, the court explained that "[a]n offense that *results* in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence." *Id.* at 168 (noting poisoning, third-degree assault, and grossly negligent conduct as exceptions to using the categorical approach in assessing that California code).

In relying on *Torres-Miguel*, Herstch ignores what other courts have recognized. The *McDaniels* court observed that "the Supreme Court rejected the rationale of *Torres-Miguel* in a recent decision." *McDaniels*, 2015 WL 7455539, at *5 (citing *Castleman*, 134 S. Ct. at 1414–15). Specifically, the *McDaniels* court pointed to reasoning in *Castleman* that the use of force is not sprinkling the poison, but the "act of employing poison knowingly as a device that would cause physical harm." 134 S. Ct. at 1415.

[10] Courts have also noted that "Hobbs Act robbery clearly qualifies as a crime of violence under the Force Clause of § 924(c)(3)(A) because the definition of Hobbs Act robbery tracks the definition of common-law robbery." *McDaniels*, 2015 WL 7455539, at *5 (noting that the Hobbs Act describes the taking of property from a person against his or her will by "fear of injury" rather than the common law term "intimidation," yet showing that the terms are "functionally equivalent").

district[11] and elsewhere,[12] the Court finds that Hobbs Act robbery constitutes a categorical crime of violence and can therefore serve as the basis for the § 924(c) count.

### C. *Johnson* Would Not Invalidate 18 U.S.C. § 924(c)(3)(B)

In light of the conclusion that Hobbs Act robbery categorically meets the definition of a crime of violence under 18 U.S.C. § 924(c)(3)(A), the Court need not reach Herstch's argument that § 924(c)(3)(B) is unconstitutionally vague under *Johnson*. In any event, were this Court to evaluate that argument, it would likely reject Herstch's request to invalidate the residual clause found in § 924(c)(3)(B).

First, facial challenges are disfavored. *Hunter*, 2015 WL 6443084, at *2 (E.D. Va. Oct. 23, 2015) (citing *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008)). In a decision involving a comparable challenge to the residual clause of § 924(c)(3)(B), a court in this District explained that "[a] facial challenge 'to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of

---

[11] *See, e.g., United States v. Jimenez-Segura*, 206 F. Supp. 3d 1115, 1132 (E.D. Va. 2016) ("Even assuming, *arguendo*, that the categorical approach applies here, under that approach, Hobbs Act robbery qualifies as a crime of violence pursuant to the force clause of § 924(c) . . . ."); *McDaniels*, 147 F. Supp. 3d at 435 ("[E]ven assuming the categorical approach applied on a pre-trial motion to dismiss an indictment, a Hobbs Act robbery can serve as a crime of violence pursuant to the Force Clause . . . ."); *Hunter*, 2015 WL 6443084; *Standberry*, 2015 WL 5920008.

Judge Davis and Judge Wright Allen of this Court have also decided, by order, that Hobbs Act robbery is categorically a crime of violence. *United States v. Wilson*, No. 4:15cr21, ECF No. 36 (E.D. Va. Dec. 8, 2015) (Wright Allen, J.); *United States v. Wyche*, No. 2:15cr97, ECF No. 37 (E.D. Va. Nov. 9, 2015) (Davis, J.); *United States v. Waites*, No. 2:15cr110, ECF No. 27 (E.D. Va. Oct. 30, 2015) (Davis, J.).

[12] *See United States v. Taylor*, No. 7:12cr43, 2017 WL 3381369, at *5 (W.D. Va., Aug. 4, 2017) (collecting cases and stating that "a growing 'chorus' of federal district courts and appellate courts have held that Hobbs Act robbery is a predicate crime of violence under the force clause of § 924(c)").

circumstances exists under which the Act would be valid.'" *Id.* (citing *United States v. Solerno*, 481 U.S. 939, 745 (1987)).

Second, as the Fourth Circuit has stated, the *Johnson* court "had no occasion to review the version of the residual clause set forth at 18 U.S.C. § 924(c)(3)(B), the one at issue in this case." *Fuertes*, 805 F.3d at 499 n.5. Continuing, the Fourth Circuit explained:

> The two formulations, one requiring "conduct that presents a serious potential risk of physical injury to another," § 924(e)(2)(B), the other requiring proof of "a felony . . . that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," § 924(c)(3)(B), are similarly worded but not identically so. . . . [W]e find it unnecessary in this case to explore whether the Supreme Court's invalidation of the former provision applies as well to the latter provision. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 346–48 (1936) (setting forth the principle of constitutional avoidance).

*Id.* Following the Fourth Circuit's guidance in *Fuertes*, the Court would decline to extend the holding set forth in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

### III. Conclusion

For the foregoing reasons, the Court will grant Williams's Motion to Adopt, (ECF No. 27), and deny Herstch's Motion to Dismiss. (ECF No. 23.) An appropriate Order shall issue.

It is so ORDERED.

/s/ 
M. Hannah Lauck
United States District Judge

Date: 9/12/17
Richmond, Virginia